*402 RILEY, Judge
dissenting.
[38] I dissent from the majority’s opinion on rehearing, which vacates our opinion of November 16, 2015, and reverses the trial court’s order. I would deny Belork’s petition for rehearing and reaffirm our earlier opinion in every respect.
[39] In our opinion of November 16, 2015, we concluded “that the fences Belork desires along the southern and eastern boundaries of his property would not constitute partition fences under Ind.Code §§ 32-26-9.” Belork v, Latimer, 47 N.E.3d 1, 12 (Ind.Ct.App.2015). We addressed the issue precisely as framed by the parties, and we did not sua sponte venture into issues which were not raised. We analyzed the arguments of the parties in detail and addressed them fully. There was no surprise in our first opinion and I see no reason to disturb our carefully crafted decision.
[40] Nonetheless, Belork, pursuant to Ind. Appellate Rule 54, now seeks rehearing. He presents us with essentially the same arguments, with the request to this court to try again — a request which the majority took to heart. The only difference this time is the presence of the ami-cus curiae, Indiana Agricultural Law Foundation, which aligned itself with Be-lork’s position. Tike here, amicus curiae briefs are often attempts to inject interest-group politics into the appellate process by flaunting the interest of the trade association or other interest group in the outcome of the appeal. From its brief, it is apparent that Indiana Agricultural Law Foundation is not a neutral advisor, but rather is clearly in the driver’s seat in these rehearing proceedings.
[41] Curiously, although an amicus curiae is not a party and has traditionally no control over the proceedings, the majority appears to consider the amicus here as an equal partner, quoting from its brief in the parties’ section of the majority opinion.
[42] I would deny the petition for rehearing as it merely exhausts precious judicial resources that could be expended elsewhere. There are sound reasons for requiring a party to present all known arguments or claims to an appellate court before its decision is rendered. Belork did just that in his appellate brief and there is no reason to revisit our analysis.